UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUSTIN MOORE and RANDALL
WILLSON,

    Plaintiffs,

v.                                                          CASE NO.: 8:10-cv-1315-T-23TGW

HARRIS ROOF SYSTEMS, INC., et al.,

    Defendants.
_____/

## **ORDER**

The plaintiffs sue (Doc. 1) and allege claims for unjust enrichment and for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.. The defendants Harris Corp. and George Harris move (Doc. 27) for a more definite statement, and the plaintiffs respond (Doc. 28) in opposition.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  A Rule 12(e) motion is appropriate if "the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Sun Co., Inc. (R & M) v. Badger Design & Constr., Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996). In moving for a more definite statement, the defendants argue (1) that the plaintiffs describe "contracts" between the defendants and third parties without either attaching the contract or explaining the contract in greater detail and (2) that the plaintiffs fail to differentiate among the defendants.  The plaintiffs respond (1) that, because only the defendant and a third party entered the contract, the plaintiffs possess no copy of the pertinent contract and (2) that no error exists in the plaintiffs' failing to differentiate

amongst the defendants, because a corporate officer with "operational control of a corporation's covered enterprise" qualifies as an "employer" along with the corporation and possesses joint and several liability of unpaid wages under the FLSA.

In this action, the plaintiffs persuasively demonstrate that the defendants' request for a more definite statement lacks merit. The complaint is neither vague nor ambiguous and is susceptible to a response. Accordingly, the defendants' motion (Doc. 27) is **DENIED**.

ORDERED in Tampa, Florida, on December 14, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE